IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | 98 B 36360 |
| JOHN A. HANNO ) | |
| ) | The Honorable |
| Debtor. ) | Jack Schmetterer |
| _____ ) | |
| ) | |
| John A. Hanno ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 00 A 00527 |
| ) | |
| TCF National Bank Illinois, ) | |
| ) | |
| Defendant. ) | |

**EMERGENCY MOTION OF DEBTOR TO EXTEND TIME TO COMPLY
WITH PRE TRIAL ORDER AND TO RE-SET TRIAL DATE**

Debtor, John A. Hanno, by and through his attorneys, Forrest L. Ingram and Julie A. Boynton, move this Honorable Court to extend the time to comply with the pretrial order and to re-set the trial date. In support thereof Debtor states as follows:

1. On or about June 28, 2000, this court entered a pretrial order requiring among other obligations that TCF tender its entire file to counsel for Debtor no later than July 14, 2000.

2. On or about July 13, 2000, counsel for TCF requested that Debtor execute a protective order before tendering the discovery. This matter had not been discussed at the earlier court hearing on the pretrial order.

3. Counsel for Debtor had no objection to the entry of a reasonable protective order. Counsel for TCF initially indicated that no files would be produced without the entry of a protective order.

4. Counsel for Debtor received an unacceptable protective order on July 14, 2000 and Counsel for Debtor communicated with TCF's counsel to try and resolve differences related to the order. See Exhibit A.

5. After some protracted telephone discussion, it was Counsel for Debtor's understanding that TCF would tender the files without the protective order.

6. After 6:00 p.m. on July 14, 2000, Counsel for Debtor was notified that the files were not being tendered but only being made available for inspection. Further, Counsel for TCF indicated while he would be in over the weekend but could not provide any specific times he could be contacted. See Exhibit B.

7. While Counsel for TCF repeatedly emphasized in letters that they were willing to make documents available, the documents were not made available.

8. Counsel for Debtor had expected TCF to have tendered the files on Friday as required by the pre-trial order so that on Saturday she could for review the files with her client. As this Court is aware, it was very important that the files be tendered timely because there was only limited time for review of the files and necessary investigation and preparation for trial.

9. As a result, the files were not made available for review by Debtor's counsel until Monday. Unfortunately, Debtor's counsel was not available to inspect the files on Monday or Tuesday because she had prior commitments requiring her to be downstate Illinois Monday and in the collar counties Tuesday. See Exhibit C.

10. Debtor's counsel had intended to review files Saturday and take relevant documents with her downstate to prepare for investigation and trial.

11. Early Monday morning, Debtor's counsel clerk and Debtor went to inspect TCF files. Many of the files were unreadable as were some of the microfiche. Debtor's clerk asked for readable copies but were told none were available.

12. TCF indicated it would make copies of documents which Debtor listed. On July 17, 2000, a copy of the list of documents Debtor requested was prepared and submitted to TCF. While TCF indicates Debtor did not timely submit the list of copies to TCF a copy of the list was fax dated July 17, 2000 pursuant to TCF's request. See Exhibit D.

13. On July 20, 2000, TCF had still not indicated that the files were copied and ready for pick-up. Accordingly, Debtor's counsel wrote to TCF and requested to know when the copies would be available.

14. On July 21, 2000, Debtor's counsel finally received a letter confirming the copies were made and ready to be picked up. See Exhibit E.

15. Counsel for Debtor made immediate arrangements to pick up the copied documents.

16. This Court had previously ordered documents to be made available July 14, 2000 so that findings of facts and law and exhibits could be filed July 24, 2000.

17. Due to the delay in receiving the documents, it is impossible for counsel for Debtor to comply with the pretrial order since review of the documents and investigation is still necessary.

18. Further, many of the documents produced are illegible and readable copies need to be produced. Further, privilege logs still have not been tendered.

WHEREFORE Debtor John Hanno respectfully requests that this Honorable Court enter an order granting Debtor time to review the discovery which has been produced and conduct adequate investigation, extending the time for filing findings of facts, conclusions of law and exhibits and resetting the trial date. Debtor asks for such other and further relief as may be just and equitable.

           Respectfully submitted,

           JOHN A. HANNO


           _____
           By: One of his attorneys

Forrest L. Ingram
Julie A. Boynton
Forrest L. Ingram, P.C.
79 W. Monroe, Suite 1210
Chicago, IL 60603
312/759-2838